FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 21, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAYLA H.[1], <br>     Plaintiff, <br>     v. <br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br>     Defendant. | No. 1:21-CV-03132-SAB <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 13, and Defendant's Motion for Summary Judgment, ECF No. 14. The motions were heard without oral argument. Plaintiff is represented by Cory Brandt and Defendant is represented by Jeffrey Staples and Brian Donovan.

### Jurisdiction

On April 20, 2016, Plaintiff filed an application for Title II disability insurance benefits, alleging disability beginning December 5, 2015.

Plaintiff's application was denied initially and on reconsideration.[2] On July

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

7, 2021, Plaintiff testified at a telephonic hearing held before an ALJ, with the assistance of Cory Brandt. Medical experts H.C. Alexander and Jay Toews participated, along with Garry Jesky, vocational expert. The ALJ issued a decision on August 12, 2021, finding that Plaintiff was not disabled.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on October 14, 2021. The matter is before this Court under 42 U.S.C. § 405(g).

## Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v.*

---

[2] The ALJ issued an unfavorable decision on February 23, 2018. Plaintiff sought review of the denial from the United States District Court for the Eastern District of Washington, which remanded the case on August 26, 2020. See 1:19-CV-03357-FVS, ECF No. 18.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

*Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id*.

## Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## Statement of Facts

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court; only the most relevant facts are summarized here.

At the time of the hearing, Plaintiff was thirty-seven years old. She graduated from high school and has come college credits. She has three children and lives with her husband, who is a disabled veteran. Her first husband passed away in 2007. She woke up to find him not breathing. As a result of his death, she developed anxiety, panic attacks, depression and anger issues. She began cutting herself to manage her stress and anxiety, but she no longer does this. Plaintiff has extensive work experience in retail.

In 2014, Plaintiff was diagnosed with Crohn's disease and had a section of her small intestine removed. In 2016, she was diagnosed with fibromyalgia, and she also experiences GERD, stiffness in her body, muscle aches, back pain, insomnia, stomach cramping, muscle spasms and headaches three to four times a week.

She reports that she has little motivation for showering and doing household chores. She prefers to stay at home. She worries about things every day.

## The ALJ's Findings

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2020. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from her alleged onset date of December 5, 2015, through her date last insured of June 30, 2020. AR 926.

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

At step two, the ALJ found Plaintiff has the following severe impairments: fibromyalgia; anemia; ileectomy, irritable bowel syndrome/Crohn's disease; gastroparesis; obesity; depression; degenerative disc disease; posttraumatic stress disorder; bipolar disorder; obstructive sleep apnea.[3] AR 926.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 927. The ALJ considered Listings 5.00, 7.00, 12.04, 12.06, 12.15 and 14.09. AR 927-28. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> light work as defined in 20 CFR 404.1567(b) except: she can stand or sit each for up to six hours; she can walk for up to four hours; she can occasionally climb ramps or stairs, balance, stoop, kneel, crouch or crawl; she can never climb ladders, ropes or scaffolds; she must avoid concentrated exposure to non-weather related extreme cold; she must avoid concentrated exposure to irritants such as fumes, odors, dusts, gases, and poorly ventilated areas; she must avoid all unprotected heights; and she must avoid moderate exposure to hazardous machinery. Work is limited to only occasional changes to the work setting; she cannot perform assembly line or highly paced work; she can have occasional interaction with the public; she can have occasional interaction with coworkers but no tandem tasks; and she can accept occasional supervision.

AR 929.

At step four, the ALJ found that Plaintiff was not capable of performing past relevant work. AR 942.

At step five, the ALJ found Plaintiff would be able to perform the

---

[3] The ALJ found while the record mentions nare infections, varicose veins, asthma, mastitis, and vitamin D deficiency, these impairments occurred only sporadically and were acute/transient or responsive to treatment, appear to have resolved, have been responsive to treatment or do not cause more than minimal workplace limitations so the ALJ found these impairments non-severe. AR 927.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 6

requirements of representative occupations such as officer helper, plastic molder, and janitor, and as such, she was not disabled. AR 943-44.

## Issues for Review

1. Whether the ALJ denied Plaintiff the right to a full and fair hearing?
2. Whether the ALJ properly evaluated the medical opinion evidence?
3. Whether the ALJ properly rejected Plaintiff's symptom testimony?
4. Whether the ALJ conducted a proper step five analysis?

## Analysis

Because Plaintiff's date last insured is through June 30, 2020, Plaintiff was required to establish disability on or before June 30, 2020 to be entitled to disability benefits.

### 1.    Plaintiff's Right to a Full and Fair Hearing

Plaintiff argues the ALJ violated her due process rights and her right to present her own testimony at the hearing when the ALJ interrupted and abruptly cut off the line of questioning, speaking over Plaintiff and her representative, to begin the vocational expert testimony. Even though Plaintiff's representative told the ALJ he had a number of questions left to ask Plaintiff in order to fully develop her testimony, the ALJ insisted that it had already provided Plaintiff with a full and fair hearing and refused to allow her representative to continue to question her.

"[A]pplicants for social security benefits are entitled to due process in the determination of their claims." *Holohan v. Massanari*, 246 F.3d 1195, 1209 (9th Cir. 2001). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks omitted). Accordingly, under the Social Security Act, claimants shall be given reasonable notice and opportunity for a hearing with respect to a decision rendered by an ALJ, during which the ALJ may examine witnesses and receive evidence. 42 U.S.C. 405(b)(1).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

Hearing procedures may be informal, but they must be "fundamentally fair." *Richardson v. Perales*, 402 U.S. 389, 401–02 (1971); *see also Martise v. Astrue*, 641 F.3d 909, 921–22 (8th Cir. 2011) ("procedural due process requires disability claimants to be afforded a full and fair hearing"); *Ferriell v. Comm'r of Soc. Sec.*, 614 F.3d 611, 620 (6th Cir. 2010) ("In the context of a social security hearing, due process requires that the proceedings be full and fair."). Moreover, the "ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Additionally, 20 C.F.R. § 404.950(a) provides:

> (a) The right to appear and present evidence. Any party to a hearing has a right to appear before the administrative law judge, either by video teleconferencing, in person, or, when the conditions in § 404.936(c)(2) exist, by telephone, to present evidence and to state his or her position.

Here, the ALJ denied Plaintiff the opportunity to fully present her case. In reviewing the transcript, it appears that the medical experts, and Dr. Toews, in particular, spent a significant amount of the allotted hearing time to review the medical records. Because of this, Plaintiff was not allowed to fully present her testimony. This was in clear violation of the statute, the regulations, and the case law. There does not appear to be any justification for the ALJ to deny Plaintiff the opportunity to fully present her case. Instead, it is clear the ALJ failed to provide Plaintiff with a "fundamentally fair" hearing.

### 2. Plaintiff's Fibromyalgia

Although the ALJ determined that Plaintiff had a severe impairment of fibromyalgia and/or chronic pain syndrome, it failed to discuss the effect this impairment had on Plaintiff's ability to sustain full time work.

"Fibromyalgia is 'a rheumatic disease that causes inflammation of the fibrous connective tissue components of muscles, tendons, ligaments, and other

tissue.' *Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 589 (9th Cir. 2004)). The Ninth Circuit has recognized that fibromyalgia is diagnosed primarily based on the patient's self-reported symptoms. *Id.* And there are no laboratory tests to confirm the diagnosis. *Benecke*, 379 F.3d at 590. Typical symptoms include "chronic pain throughout the body, multiple tender points, fatigue, stiffness, and a pattern of sleep disturbance that can exacerbate the cycle of pain and fatigue." *Id*. at 590. That said, generally those suffering from fibromyalgia have muscle strength, sensory functions and reflexes that are normal. *Rollins v. Massanari*, 261 F.3d 853, 863 (9th Cir. 2001) (Ferguson, J., dissenting)

When a claimant has established a fibromyalgia diagnosis the ALJ is required to consider the longitudinal record. *Id*. at 657 (noting SSR 12-2p "warns that after a claimant has established a diagnosis of fibromyalgia, an analysis of her RFC should consider 'a longitudinal record whenever possible'"). SSR 12-2p recognizes that the symptoms of fibromyalgia "wax and wane," and that a person may have "bad days and good days." SSR 12-2p, 2012 WL 3104869, at *6. This means that while there were normal findings in some—but not all—objective physical exams, these findings do not contradict Plaintiff's statements regarding the effects of her fibromyalgia.

### 3. The ALJ's evaluation of the medical opinions

The medical opinion of a claimant's treating physician is given "controlling weight" as long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2); *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

specialization of the physician. § 404.1527(c)(2)-(6). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 675 (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison*, 759 F.3d at 1012–13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

In this case, generally the ALJ gave limited weight to Plaintiff's treatment providers, or to medical professionals who examined her and provided a report. On the other hand, the ALJ gave great weight to the mental consultants who did not have an opportunity to examine Plaintiff and/or to review the updated records. The ALJ failed to justify assigning more weight to the opinions of non-treating, non-examining state agency consultants than to the opinions of those medical professionals who were either treating Plaintiff or had the opportunity to examine her.

### A. Dr. Hunte

The ALJ gave some weight to Dr. Hunte, who was Plaintiff's treatment provider, but concluded that her opinion as to the severity of Plaintiff's limitations was out of proportion to the longitudinal record. The ALJ specifically rejected Dr. Hunte's opinion that Plaintiff had manipulative limitations. The ALJ also rejected Dr. Hunte's opinion that Plaintiff would miss more than four days of work per month or be off task more than twenty-five percent of the workday was out of proportion to the longitudinal record.

The ALJ failed to provide specific and legitimate reasons that are supported by substantial evidence to reject Dr. Hunte's opinion. In every situation where the

ALJ gave little weight to the medical professional, it did so for the same reasons, namely because the ALJ believed the opinions were "out of proportion to the longitudinal record," and then it cited to generally normal or unremarkable findings on physical examinations that were in categories largely unrelated to the specific symptoms that supported the limitations identified by the medical provider. Moreover, it appears the ALJ seemingly failed to incorporate Plaintiff's fibromyalgia/chronic pain diagnosis when viewing the longitudinal record. Because of this, the ALJ's rejection of Dr. Hunte's opinion is not supported by substantial evidence. On the contrary, Plaintiff's fibromyalgia/chronic pain diagnosis supports Dr. Hunte's limitations. Dr. Hunte had the opportunity to observe Plaintiff's difficulty with fine manipulation. Plaintiff complained of stiffness and pain in her hands. The longitudinal record reveals that Plaintiff consistently complained of abdominal pain, cramping and lower back pain. Dr. Hunte, as a treating physician, was in the best position to opine as to the anticipated number of days that Plaintiff would miss because of her symptoms. Thus, the ALJ erred in giving Dr. Hunte's opinion little weight. Rather than support its conclusions with specific and legitimate reasons, it appears the ALJ simply offered her own interpretation of the records to reject Dr. Hunte's opinion. This was in error.

### B.     Dr. Drenguis

The ALJ gave some weight to the opinion of Dr. Drenguis. The ALJ believed Dr. Drenguis's opinion was out of proportion to the longitudinal record. This was in error because the ALJ failed to give a specific explanation with supporting evidence to support her assertion. Moreover, the longitudinal record is fairly consistent with Dr. Drenguis' opinion and he had the opportunity to examine Plaintiff.

### C.     Dr. Nestler

The ALJ gave little weight to Dr. Nestler's opinion. Dr. Nestler examined

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 11

Plaintiff and wrote a report. The ALJ concluded that Dr. Nestler's opinion was out of proportion to the longitudinal record and out of proportion to Dr. Nestler's own findings and observations.

The ALJ failed to provide specific and legitimate reasons that were supported by substantial evidence for giving Dr. Nestler's opinion little weight. While the ALJ may have believed Dr. Nestler's opinions were inconsistent with the examination, the ALJ was simply substituting its own interpretation of the findings instead of relying on Dr. Nestler's conclusions. Moreover, the record demonstrates that Dr. Nestler's opinions were supported by her examination and findings. Consequently, the ALJ's evaluation of Dr. Nestler's opinions was in error because it was not supported by substantial evidence in the record.

### D. Dr. Metoyer

The ALJ gave little weight to Dr. Metoyer's opinion because it was out of proportion to the longitudinal record. The ALJ believed Dr. Metoyer's opinion that Plaintiff would have more than mild interaction limitations was out of proportion to his observations and findings, particularly that Plaintiff was cooperative and engaged throughout the session.

The ALJ erred in evaluating Dr. Metoyer's opinion because it failed to provide specific and legitimate reasons for giving Dr. Metoyer's opinions little weight. Additionally, it appears the ALJ substituted its own interpretation of the findings rather than relying on Dr. Metoyer's conclusions.

### 2. The ALJ's evaluation of Plaintiff's Symptom Testimony

The ALJ rejected Plaintiff's symptom testimony because it concluded her testimony was out of proportion to the objective findings in the record.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin* 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12**

which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id*. (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. §§ 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. Daily activities; 2. The location, duration, frequency, and intensity of pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3P, 2017 WL 5180304. Daily activities may be grounds for an adverse credibility finding if (1) Plaintiff's activities contradict her other testimony, or (2) Plaintiff "is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 13

setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

Here, the ALJ failed to provide clear and convincing reasons supported by substantial evidence in the record for discounting Plaintiff's testimony. Notably, the ALJ relied on many normal findings that it was able to glean from the records to reject Plaintiff's testimony. But many of these normal findings were in categories largely unrelated to Plaintiff's allegations and thus were not inconsistent with her testimony regarding her fibromyalgia, Crohn's disease and her other conditions. Additionally, the ALJ's credibility determination is not supported by substantial evidence in the record because it denied Plaintiff the opportunity to present a full and complete record.

Notably, the ALJ's characterization of the medical treatment records as relatively benign is not supported by substantial evidence in the record, and therefore cannot be used to discount Plaintiff's symptom testimony, especially given that the ALJ failed to account for Plaintiff's fibromyalgia diagnosis.

### 3. Conclusion

Here, the ALJ denied Plaintiff an opportunity for a full and fair hearing. Additionally, the ALJ erred in failing to consider the unique characteristics of fibromyalgia in evaluating Plaintiff's testimony as well as the testimony of her treatment providers. Moreover, substantial evidence does not support the ALJ's decision. Notably, the ALJ failed to provide specific and legitimate reasons to give her treatment provider's and examining consultants' opinions little weight. Most important, if the ALJ properly credited the opinion of Dr. Hunte, it would be required to find that Plaintiff is disabled on remand because it is clear she would miss more than 4 days a month due to her fibromyalgia/chronic pain and Crohn's disease. As such, remand for an immediate calculation and award of benefits is required.

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14**

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, No. 13, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, No. 14, is **DENIED**.

3. The decision of the Commissioner denying benefits is **reversed** and **remanded** for an immediate calculation and award of benefits.

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 21st day of June 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15**